Diane C. Stanfield (CA Bar No. 106366)
Lorraine Sarles (CA Bar No. 270568)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071-3004
Tel: (213) 576-1000
Fax: (213) 576-1100
Email: Diane.Stanfield@alston.com
Email: Lorraine.Sarles@alston.com

*Proposed Counsel to the Chapter 7 Trustee*
*For Corona Care Convalescent corporation*
*And Corona Care Retirement, Inc.*

**FILED & ENTERED**

OCT 22 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re:

☒   PASADENA ADULT RESIDENTIAL CARE, INC.

☐   CORONA CARE CONVALESCENT CORPORATION,

☐   CORONA CARE RETIREMENT, INC.

☒   CASTLE VIEW SENIOR RETIREMENT ESTATE, INC.

☒   GARFIELD SENIOR CARE CENTER, INC.,

☒   PASADENA HEALTH CARE MANAGEMENT, INC.

Debtors and Debtors-in-Possession

Case No. 2:13-bk-28484-RK

Jointly Administered with Case Nos. 2:13-bk-28497-RK; 2:13-bk-28519-RK; 2:13-bk-28532-RK; 2:13-bk-28538-RK; 2:13-bk-28545-RK

Chapter 11 Proceedings

**ORDER ON MOTION TO REVOKE DISMISSALS AND FOR THE APPOINTMENT OF TRUSTEE**

Date:       Oct. 15, 2015
Time:       9:00 a.m.
Location:   Crtrm 1675
            255 E Temple St.
            Los Angeles, CA 90012

1

1    The motion [Docket Number ("DN") 433] (the "Motion") of Richard K. Diamond,
Chapter 7 Trustee[1] of Corona Care Convalescent Corp. (Case No. 2:13-bk-28497) and
Corona Care Retirement, Inc. (Case No. 2:13-bk-28519) (the "Corona Debtors") for an order
revoking the dismissals of the bankruptcy cases for Pasadena Adult Residential Care Center,
Inc. (Case No. 2:13-bk-28484), Castle View Senior Retirement Estate, Inc. (Case No. 2:13-bk-28532), Garfield Senior Care Center, Inc. (Case No. 2:13-bk-28538), and Pasadena
Health Care Management, Inc. (Case No. 2:13- bk-28545-RK) (collectively, the "Pasadena
Debtors"), and appointing a chapter 11 trustee, came on for trial before the undersigned
United States Bankruptcy Judge on October 15, 2015.

On August 27, 2015, the Revoke Motion was initially filed by the Committee and was
heard on shortened notice on September 2, 2015 [DN 443]. On August 28, 2015, the Trustee
filed a notice of joinder [DN 449] and, on October 13, 2015, the Trustee filed a request to
substitute the Trustee as the Movant for the Revoke Motion, which was approved by the
court. On September 1, 2015, Venable LLP, former counsel and creditor of the Pasadena
Debtors, and Howard Ehrenberg, the Chapter 11 Trustee of the Garfield Debtors, also filed
joinders to the Revoke Motion [DN 454 and 455, respectively]. On August 31, 2015, HCF
filed a written opposition to the Revoke Motion [DN 453].

A further hearing was conducted on September 9, 2015, at which time the court set a
schedule of discovery and trial proceedings [DN 461]. On September 23, 2015, the
Pasadena Debtors filed a written opposition to the motion [DN 462]. On October 13, 2015,
HCF filed a conditional withdrawal of its opposition to the motion [DN 468], subject to the
court's approval of an order approving the Revoke Motion in the form and substance as
proposed by the Trustee and HCF regarding the treatment of HCF's claim and lien. On
October 13, 2015, the Trustee filed a reply and request for judicial notice in support of the
Revoke Motion [DN 470 and 471, respectively]. On October 13, 2015, the Pasadena
Debtors and Mrs. Ferrer filed a Declaration of Felicidad Ferrer in support of their opposition

---

[1] The Motion was filed by the Official Committee of Unsecured Creditors (the "Committee") previously serving in these cases.

[DN 472].

On October 15, 2015, the court conducted a one-day trial on the motion as a contested matter under Federal Rule of Bankruptcy Procedure 9014, at which time the court received evidence, including witness testimony by declaration and exhibits submitted by the parties. On October 16, 2015, pursuant to the court's directive at trial, the Trustee submitted proposed findings of fact and conclusions of law after trial and, on October 19, 2015, submitted revised proposed findings of fact and conclusions of law [DN 477 and 479]. On October 19, 2015, also pursuant to the court's directive at trial, the Pasadena Debtors and Mrs. Ferrer filed written objections to the proposed findings of fact and conclusions of law submitted by the Trustee [DN 478]. Hearings were held on October 20 and 21, 2015, regarding the proposed findings of fact and conclusions of law after trial and proposed order submitted by the Trustee and any objections thereof.

The court, having reviewed the Revoke Motion and the opposing papers, and all of the other papers filed in regards to this Motion and admissible evidence, and having issued its "Findings of Fact and Conclusions of Law After Trial on Motion to Revoke and/or Vacate Dismissals and Request for Appointment of Trustee," and for good cause appearing therefor,

IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

1. The Dismissals of the Pasadena Debtors are hereby revoked effective upon the entry of this Order. This Order shall not, in any way, affect, modify, or vacate any other provision of the Dismissal Order, including, without limitation, the provisions of the Dismissal Order which approved the Stipulation (as such term was defined in the Dismissal Order). All provisions of the Dismissal Order which approved the Stipulation shall remain fully and finally valid, effective, and binding notwithstanding this Order.

2. The Office of the United States Trustee is ordered to appoint a chapter 11 trustee in the Pasadena Debtors' respective bankruptcy cases to administer the assets of the Pasadena Debtors in accordance with section 1104 of the Bankruptcy Code.

3. Any and all: (i) payments or other transfers made to creditors in accordance with the terms of the Dismissal Order or the Stipulation (including, but not limited to, the payment in the amount of $550,000 made to HCF Insurance Agency ("HCF") in accordance with the Stipulation) ("Creditor Payments"); and (ii) rights, claims, and liens (collectively, the "HCF Claim"), including any judgment liens (which judgment liens are hereinafter referred to as the "HCF Liens") HCF has or holds against any of the Pasadena Debtors or their respective assets, shall not be affected by this Order, or the entry thereof, or the revocation of the prior dismissals of the Pasadena Debtors' respective bankruptcy cases, and shall not be subject to avoidance, reduction, challenge, recovery, set off, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaim, cross-claim, defense or any other challenge under the Bankruptcy Code or any other applicable federal, state, or local law or regulation by any person or entity (including, without limitation, any trustee, successor trustee, committee, examiner, or responsible person in these or any subsequent proceedings under the Bankruptcy Code).  Other than as provided herein, no costs or expenses of administration of the Pasadena Debtors' respective bankruptcy cases or estates shall be imposed against any collateral subject to the HCF Liens, under section 506(c) of the Bankruptcy Code or otherwise, and no action or inaction by HCF shall be deemed, in any way, to constitute consent to any such surcharge.

4. This Order shall constitute a new order for relief upon the date this Order becomes effective pursuant to paragraphs 9 and 10 below (the "Effective Date").  Notwithstanding this Order, or the entry thereof, or the revocation of the prior dismissals of the Pasadena Debtors' respective bankruptcy cases, the actions taken by HCF against any of the Pasadena Debtors following the entry of the Dismissal Orders and prior to the entry of this Order including, but not limited to, any levy by HCF or the filing or recordation of any judgment liens by HCF shall be deemed to have not violated the automatic stay, and no such actions shall in any way, be affected, modified, vacated, or altered.  Any settlements or other agreements entered into by and between HCF and any of the Pasadena Debtors, at any time following entry of the Dismissal Order through the date of entry of this Order, shall remain

fully and finally binding and effective notwithstanding this Order, or the entry thereof, or the vacation of the prior dismissals of the Pasadena Debtors' bankruptcy cases.

5. In exchange for HCF's consent to the sale of the Pasadena Debtors' assets free and clear of the HCF Liens, HCF shall be paid the sum of $250,000.00 (the "HCF Payment") from the proceeds of any sale, transfer, or assignment of any property of the Pasadena Debtors' respective bankruptcy estates that are subject to the HCF Liens, which funds shall be allocated and paid to the Pasadena Debtors' estates immediately upon a closing of such sale and which shall be distributed to HCF immediately from the Pasadena Debtors' estates without surcharge, deduction or offset. The HCF Liens shall in all other respects remain valid and in place to the same extent, priority and validity as they existed as of the Effective Date. The claims of Alston & Bird LLP, Venable LLP, and Crowe Horwath, LLP (the "Professionals") in the Pasadena Debtors' cases are and shall be subordinated to the HCF Payment, and the claims of the Professionals shall not have priority over the HCF Claim. Notwithstanding the foregoing, nothing herein shall be deemed a waiver or release of the provisions of the Stipulation providing that the fees of the Professionals shall be paid from the Corona Debtors' estates, or the right of the Professionals to assert a priority with respect to any claim other than the HCF Claim.

6. Notwithstanding this Order, or the entry thereof, the appointment of a chapter 11 or 7 trustee for the Pasadena Debtors, or the revocation of the prior dismissals of the Pasadena Debtors' bankruptcy cases, HCF shall retain all of its claims, actions, rights, and remedies existing at any time prior to the entry of this Order against any of the Garfield Debtors.

7. The effectiveness of this Order is expressly conditioned upon the entry of a separate order (the "Garfield Order") in the bankruptcy cases of 1415 Garfield LLC (2:15-bk-18337), 1425 Garfield LLC (2:15-bk-18339), and 1435 Garfield LLC (2:15-bk-18340) (collectively, the "Garfield Debtors), which: (i) provides that in any sale of the assets of the Pasadena Debtors along with the sale of the real estate assets of the Garfield Debtors, at least $500,000 of the sale proceeds of such sale shall be allocated to assets of the Pasadena Debtors included in such sale (the "Pasadena Sale Proceeds Allocation"); (ii) orders that in the event and to the

extent that HCF has not been paid $250,000.00 from the Pasadena Debtors' estates pursuant to Paragraph 5 above, the trustee, or other authorized representative of the Garfield Debtors, shall pay to HCF directly from the net proceeds of any sale of any real property assets of the Garfield Debtors' respective bankruptcy estates (following only deductions for reasonable costs of sale (not including attorney's fees and costs) and payment of the first priority liens in favor of All California Funding) the amount of Two Hundred Fifty Thousand Dollars ($250,000) less the sum of any payments HCF has actually received from the Pasadena Debtors pursuant to paragraph 5 above (the "HCF Payment"), immediately upon the closing of the sale of any such real estate assets; and (iii) grants HCF a super-priority administrative claim (senior to all chapter 11 or 7 administrative expense claims with the exception of reasonable costs of sale (not including attorneys' fees and costs) against the Garfield Debtor's bankruptcy estates in amount equal to Two Hundred and Fifty Thousand ($250,000) (the "Superpriority Administrative Expense Claim"), which claim shall be reduced dollar for dollar by the amount of payments actually received by HCF pursuant to Paragraph 5 and 7 hereof.

8.   From the Pasadena Sales Proceeds Allocation, up to $250,000 shall be carved-out (the "Pasadena Carve-Out") to pay allowed fees and costs approved by the Court for payment incurred by (i) the trustee appointed in the Pasadena Debtors' cases (the "Pasadena Trustee"); and (ii) the Pasadena Trustee's attorneys, accountants, brokers (to the extent reasonably allocable to the Pasadena Debtors' assets included in any sale), financial advisors, and other professionals retained by the Pasadena Trustee after the entry of this Order at the expense of the Pasadena Debtors' estates; (iii) fees of the Office of the United States Trustee and other court costs incurred in the Pasadena Debtors' cases; and (iv) expenses of operation and administration of the Pasadena Debtors or their bankruptcy estates limited to the cost of any manager engaged by the Pasadena Trustee and taxes incurred in operations from and after the date of entry of this Order, but only to the extent operating revenues of the Pasadena Debtors are insufficient (collectively, the "Approved Pasadena Expenses"). The balance of the Pasadena Carve-Out, after payment of the Approved Pasadena Expenses, shall be paid to

HCF. HCF's receipt of any funds pursuant to this Order shall constitute partial payment, and not satisfaction of the HCF Liens and HCF Claim.

9. At the further hearing on the Revoke Motion on October 21, 2015, the Pasadena Debtors and Felicidad Ferrer, through their counsel of record, objected to the revised form of order submitted by the Trustee for the granting of the Revoke Motion, including paragraphs 3 through 8, on the grounds that the proposed order would effectuate a compromise of a dispute regarding the treatment of HCF's claim and lien on the prospective sale of assets of the bankruptcy estates of the Pasadena Debtors, as "overbroad", meaning that the compromise was beyond the scope of the original moving papers. The court has considered the objection and agrees that this specific objection is valid and should be sustained. However, the Trustee as Movant, and the other settling parties, including HCF and the joining parties of the Revoke Motion, Howard Ehrenberg, Chapter 11 Trustee of the Garfield Debtors, and Venable LLP, former counsel and creditor of the Pasadena Debtors, may cure this objection by giving proper notice of the compromise to all creditors and equity holders of the Pasadena Debtors in these cases of the compromise with an opportunity to object and be heard on the compromise, and demonstrating that the compromise is fair and equitable. Federal Rule of Bankruptcy Procedure 2002(a)(3); *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson ("TMT Trailer Ferry")*, 390 U.S. 414, 424-426 (1968); *see also,* 4 March, Ahart & Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 20:290 – 20:291 at 20-42 (2014) ("Where settlement of an adversary proceeding [or other proceeding, such as a contested matter] will affect the bankruptcy estate (e.g., estate assets will be used to fund the settlement, or the settlement includes releasing a cause of action owned by the estate), the trustee/DIP cannot enter into the settlement unless bankruptcy court approval is obtained *after* notice to creditors and a hearing."); *In re Stockton*, 486 B.R. 194, 196-197 (Bankr .E.D.Cal. 2013)(describing historical background of the bankruptcy settlement doctrine requiring that settlements be "fair and equitable"), *citing inter alia,* Federal Rule of Bankruptcy Procedure 9019 and *In re A & C Properties,* 784 F.2d 1377, 1380-1381 (9th Cir. 1986); Chapter 11 Trustee's Motion on Shortened Notice to

Approve Provisions of Order Vacating Dismissal Order in the Pasadena Adult Residential Care Center, Inc., and Related Bankruptcy Cases as That Order Affects the Jointly-Administered Debtors Herein; Memorandum of Points and Authorities and Declaration of Howard M. Ehrenberg in Support Thereof, Docket No. 96, *In re 1315 Garfield LLC, 1425 Garfield LLC, and 1435 Garfield LLC,* No. 2:15-bk-18337 RK Chapter 11, 2:15-bk-18339 RK Chapter 11 and 2:15-bk-18340 RK Chapter 11 (Bankr. C.D. Cal., filed on October 21, 2015)(recognizing need for bankruptcy court approval of the compromise in the Garfield Debtors' bankruptcy cases). Because time is of the essence, the court shall conduct a hearing on the compromise on shortened notice pursuant to Local Bankruptcy Rule 9075-1 in light of the deadline of November 15, 2015 imposed under the compromise with the lien creditor HCF and the expiration of the leases of the Pasadena Debtors on or about December 31, 2015 and the need to market and sell the assets of the Pasadena Debtors promptly to maximize value for the estates in these cases. Accordingly, the court sets a hearing on the compromise set forth in paragraphs 3 through 8 of this Order on October 30, 2015, at 11:00 a.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012. The Trustee and the other settling parties, including HCF and the joining parties, the Chapter 11 Trustee of the Garfield Cases and Venable LLP, are ordered collectively to serve written notice of the hearing of the compromise set forth in this Order with a copy of this Order on all creditors and equity holders in the bankruptcy cases of the Pasadena Debtors by October 23, 2015 by at least one of the following methods: email, first class mail or facsimile. An opposition to the compromise may be presented orally at the hearing on the compromise on October 30, 2015. At the hearing on October 30, 2015, the Trustee and the other settling parties must prove up with admissible evidence that the compromise proposed herein is fair and equitable as required under the bankruptcy settlement doctrine. *See, e.g., TMT Trailer Ferry, supra; City of Stockton, supra; cf.,* Federal Rule of Bankruptcy Procedure 9019 (strictly speaking, Rule 9019 is not applicable here because the proponents of the settlement, the deemed moving parties, are not the bankruptcy trustee or the debtors-in-possession standing in the

1 shoes of a bankruptcy trustee); *In re A & C Properties, supra.*

2 10. This Order shall become effective only if and when the Garfield Order and a compromise order regarding the treatment of HCF's claim and lien as reflected in this Order in paragraphs 3 through 8 are duly entered by this court, and provided that the Garfield Order is entered on or before November 15, 2015.  If the Garfield Order and the compromise order are not entered, the court will set dates for further proceedings on the Revoke Motion.  A hearing on the Garfield Order shall be held on October 28, 2015, at 1:30 p.m.  A separate order regarding the deadlines set for the hearing on the Garfield Order has been entered [DN 95 in the Garfield Debtors' Cases].

IT IS SO ORDERED.

###

Date: October 22, 2015

Robert Kwan
United States Bankruptcy Judge